```
                                                    FILED
                                            U.S. DISTRICT COURT
                                            DISTRICT OF COLORADO
        IN THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF COLORADO  2020 DEC -1  PM 3:06

                                            JEFFREY P. COLWELL
                                                  CLERK
```

Civil Action No. _____    BY_____DEP. CLK
                  (To be supplied by the court)

_David Wells_____, Plaintiff

v.

_Empower Retirement, LLC / Great West Life Annuity Company (GWLA) / Fascore,_

_____,

_____,

_____, Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

---

## EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

A.  **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

David Wells 471 S. Emerson Street Denver, CO 80209

(Name and complete mailing address)
303-550-9877.  wellsdavidr@hotmail.com

(Telephone number and e-mail address)

B.  **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: *Empower Retirement, LLC / Great West Life & Annuity (GWLA) / Fascore: 8515 E. Orchard Road Greenwood Village, CO 80111*

(Name and complete mailing address)

(Telephone number and e-mail address if known)

Defendant 2: _____

(Name and complete mailing address)

(Telephone number and e-mail address if known)

C.  **JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check all that apply)*

____   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (employment discrimination on the basis of race, color, religion, sex, or national origin)

_X_   Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. (employment discrimination on the basis of a disability)

2

____ Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621, et seq. (employment discrimination on the basis of age)

____ Other: (*please specify*) _____

**D. STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action and the specific facts that support each claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: __Employment Discrimination under ADA Protection_____

The conduct complained of in this claim involves the following: (*check all that apply*)

    ____ failure to hire      ____ different terms and conditions of employment

    ____ failure to promote      _X_ failure to accommodate disability

    _X_ termination of employment      _X_ retaliation

    ____ other: (*please specify*)

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

    ____ race      ____ religion      ____ national origin      ____ age

    ____ color      ____ sex      _X_ disability

Supporting facts:

I am an individual with a disability. I suffer from Mental Illness (Major Depression and Severe-Anxiety) as medically diagnosed 12 years ago. My medical prognosis indicates that I will be required to manage my disease for the remainder of my life. I struggle, as many do, with disclosing my underlying documented medical condition from which I suffer. Depression and Anxiety are medically documented to directly impact employment sustainability, including success in working conditions with sustained chronic overtime. Mental disorder is a taboo topic in the workplace and

the condition is known to interfere with career trajectory. Therefore the ADA was establish creating a protected class of employees. My rights under the ADA were violated by Empower Retirement, LLC.

I began my employment at Empower Retirement, LLC (GWL&A / Fascore) in October 2015. I was promoted to Implementation Consultant in November 2017 reporting to Marco Alarcon.

After my promotion, I was recognized across the entire department by Steve Stillman, Senior Vice President of Implementation, due to my positive job performance which evidences my ability to perform in the role and exceed expectations. I was qualified for my job.

Unfortunately, in late 2018, I began to be assigned an unmanageable case load (30+) causing me to work seven (7) days per week. The excessive case load exasperated my mental health condition and disability. Two (2) senior members of Implementation, Tracey Murphy and Jared Dierks, saw me struggling and alerted management that 30+ cases was unsustainable for someone with my tenure. Ms. Murphy provided me a case tracking tool to try to help; a tool not provided by Empower. In October 2018, I asked Mr. Alarcon for reasonable accommodation for a temporary reduction in cases. My request for accommodation was denied.

My case load grew higher (35+) and the work load became crippling. I scheduled an appointment with Empower Human Resources to seek relief. On October 23, 2018 I met in-person with Michael Bender of Empower HR. I disclosed to Mr. Bender my previously diagnosed disability, the current state of my mental health, and described the unsustainable case load. Mr. Bender suggested a Medical Leave of Absence and provided resources to assist in my decision making. In December 2018 I took a medical leave.

In December 2018, I was hospitalized in the Porters Hospital Mental Health Unit, detained on a 72 hour Treat & Hold, and immediately entered a formal Mental Health daily treatment program at Porters. Kindly, Mr. Alarcon called me in the hospital over the weekend that first Sunday.

Over the next several weeks, I worked diligently with my mental health team to recover and to reach my goal of returning to work. My treating physician suggested I return to work Part Time as I sustained an extraordinary medical circumstance. A return to work Part Time is a reasonable accommodation and would not reduce my essential function. I contacted Empower HR to notify the company I was medically cleared to return Part Time. Empower denied this reasonable accommodation.

I returned to work Full Time to support my family. My treating physician recommended I contact Mr. Bender upon my return to work to remind Empower HR of my disability and to seek protection under the ADA. On March 1, 2019, I sent a clear heartfelt email to Mr. Bender thanking him and to remind him of my diagnosed ongoing mental health condition which requires ongoing treatment.  Mr. Bender did not respond. Mr. Bender did not request medical records, did not offer Accommodation; no response or support was offered by the employer.

4

I could reasonably assume that after an in-person HR consultation, mental health condition disclosure, personal telephone call from Mr. Alarcon while I was hospitalized, and follow up email to HR that I returned from medical leave, that Empower was on notice of my protected ADA status.

Due to departmental turnover, Adam Stanley was now my Manager. Mr. Stanley did not create or support an interactive process. I alerted Mr. Stanley I was again overwhelmed as my case load quickly returned to an unsustainable level. Mr. Stanley's response was simply that he cannot make a reasonable accommodation.

Mr. Alarcon knew of my condition as he called me while I was in the hospital. Since Mr. Alarcon contacted me at the hospital I can also reasonably assume Mr. Stanley knew of my hospitalization and condition. When it was obvious I was struggling again, Mr. Stanley sensitively asked me "How Are You Feeling, David?" To which I answered honestly that I was struggling again and seeking Accommodation; one that would not minimize my essential function. All requests to Mr. Stanley for accommodation were denied.

On July 16, 2019, Mr. Stanley moved to termination however, he quickly pivoted as evidenced by his agreement to transition the discussion into a lengthy conversation around another opportunity at Empower. Mr. Stanley suggested I apply for a position as Client Service Manager (CSM). The CSM opportunity would become available within 30 days. Mr. Stanley immediately followed up our conversation with a text supporting the CSM opportunity presented at our meeting including the timing of the open position. The opportunity became available exactly as described and I applied as instructed by Mr. Stanley.

Kindly, Mr. Alarcon agreed to help me prepare for the CSM role. My effort with Mr. Alarcon represents appropriate risk mitigation. Support from Mr. Alarcon included text exchanges and two (2) in person meetings to provide insights into the role of Client Service Manager; a common career destination for Implementation Consultants at Empower. Mr. Alarcon also agreed to contact the CSM hiring manager on my behalf.

My efforts were not fruitful. The CSM opportunity never presented itself, and appears to have never been forthcoming. Mr. Alarcon quickly became combative once I followed up on his kind offer to return my personal effects left on my desk at work.

In summary. On July 16, 2019 I was constructively discharged in retaliation for taking a pre-approved leave for a Federally recognized ADA mental health condition for which I am protected.

I relied on the offer of continued employment with Empower. I relied on HR to protect me. I continue to suffer greatly despite additional attempts to mitigate risk through my career search. I am left with no reasonable option but to seek relief from the Court under the ADA.

I demand a Jury. I seek economic, compensatory, and punitive damages to the extent of the law. Specifically, I seek relief to the full extent of the law including but not limited to Back Pay, Forward Pay, All Benefits, and compensation for Emotional Distress, which I will pursue as aggressively as the Courts allow.

Claim One (1): Termination of Employment. I hear by incorporate all allegations above.

Claim Two (2): Failure to Accommodate Disability. I hear by incorporate all allegations above. I requested reasonable accommodation throughout and was denied each time throughout. Examples of Accommodations requested include temporary reduction in cases and a temporary return to work Part Time. I needed these accommodations to manage my disability. There was no interactive process in the workplace. The Accommodations would not reduce my essential function.

Claim Three (3): Retaliation. I hear by incorporate all allegations above. I acted within Empower protocol by requesting reasonable accommodation and taking a medical leave and was fired. I requested accommodation under the Federal ADA Law and was fired. I sought protection under the Federal ADA Law and was fired.

### E.   ADMINISTRATIVE PROCEDURES

Did you file a charge of discrimination against defendant(s) with the Equal Employment Opportunity Commission or any other federal or state agency? (*check one*)

      __X__ Yes  (***You must attach a copy of the administrative charge to this complaint***)

      ___ No

Have you received a notice of right to sue? (*check one*)

      __X__ Yes  (***You must attach a copy of the notice of right to sue to this complaint***)

      ___ No

### F.   REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "F. REQUEST FOR RELIEF."*

I demand a Jury. I seek economic, compensatory, and punitive damages to the extent of the law.

Specifically, I seek relief to the full extent of the law including but not limited to Back Pay, Forward Pay, All Benefits, and compensation for Emotional Distress, which I will pursue as aggressively as the Courts allow.

### G.   PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

     12/1/2020
_____
(Date)

(Form Revised December 2017)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA<br>☒ EEOC | 541-2020-00753 |

Colorado Civil Rights Division _____ and EEOC
*State or local Agency, if any*

**Name** *(indicate Mr., Ms., Mrs.)*: Mr. David R. Wells
**Home Phone** *(Incl. Area Code)*: (303) 550-9877
**Date of Birth**: 1969

**Street Address**: 471 South Emerson Street, Denver, CO 80209

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

**Name**: EMPOWER RETIREMENT
**No. Employees, Members**: 500 or More
**Phone No.**: (303) 737-0178
**Street Address**: 8515 East Orchard Road, Greenwood Vlg, CO 80111

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*:
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 11-23-2018
Latest: 09-01-2019
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I. I began my employment on October 2014 in Customer Service. I was later promoted to Implementation Consultant. I am an individual with a disability, as defined within the relevant statute. During my employment, I was recognized by the Senior Vice President of my department due to my positive job performance. Unfortunately, in 2018, I began to be assigned an unmanageable amount of cases, (30+) causing me to work seven (7) days per week. This began to exacerbate my mental health condition and disability. I told my supervisor and Human Resources (HR) about my previously diagnosed disability and the struggles I was having. I took a sixty (60) day leave of absence on or around Thanksgiving 2018. Shortly after I returned to work, I began to be assigned a large number of cases which exacerbated my condition again. I spoke with my supervisors and asked for a reasonable accommodation due to my disability. There was no interactive process; I was told, "You can't say no to a new case." On July 16, 2019, my managers terminated my employment. They then told me that I would be able to return to work within forty-five (45) days as a Client Service Manager (CSM). I agreed and applied for the CSM position; however, I never received an interview or call back about the job.

II. I believe the Respondent discriminated against me, based on my disability, and in retaliation for requesting a reasonable accommodation, in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jan 16, 2020
*Date* — *Charging Party Signature*

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT.

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)* JAN 16 2020

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **David R. Wells**
**471 South Emerson Street**
**Denver, CO 80209**

From: **Denver Field Office**
**303 East 17th Avenue**
**Suite 410**
**Denver, CO 80203**

[ ]   *On behalf of person(s) aggrieved whose identity is*
    *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 541-2020-00753 | **Philip Gross,**<br>**Supervisory Investigator** | (303) 866-1318 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

For      September 08, 2020

Enclosures(s)      **Amy Burkholder,**      *(Date Mailed)*
                     **Director**

cc:  Suzanne Sanchez, Human Resources Manager      Greg Clouser, Sr. Employment Counsel
     EMPOWER RETIREMENT                             EMPOWER RETIREMENT
     8515 E. Orchard Road, 10T3                     8525 E. Orchard Road , 2T3
     Greenwood Village, CO 80111                    Greenwood Village, CO 80111

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was mailed to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosures(s)

cc:

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"  now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence*

***to establish disability.*** For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

JS 44 (Rev. 06/17) District of Colorado Form

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff: **Denver**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*: **N/A Pro Se**

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*

Brief description of cause: AP Docket

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ **Max Possible**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____